IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON, SR.,

    Petitioner,                      No. 2: 09-cv-1748 FCD KJN P

    vs.

K. DICKERSON,                          ORDER AND

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that respondent miscalculated his parole date and denied him time credits. Pending before the court is respondent's October 14, 2010 motion to dismiss. On December 3, 2010, petitioner filed an opposition to this motion  On December 22, 2010, petitioner filed a motion to amend his opposition to correct several sentences and dates. Good cause appearing, the motion to amend is granted.

        On September 23, 2010, petitioner filed a motion for a writ of mandate. In this motion, petitioner requests that respondent be ordered to file "requested documents" related to this action. Petitioner does not identify the documents he is seeking. Because respondent's motion to dismiss was accompanied by all relevant exhibits, petitioner's motion for a writ of

1

mandate is denied as unnecessary.

After carefully reviewing the record, the undersigned recommends that respondent's motion be granted.

II. Background

This action is proceeding on the amended petition filed February 19, 2010. Petitioner is serving a determinate sentence of 75 years and two consecutive life sentences (7 years to life for each life sentence) for convictions of kidnaping, robbery, oral copulation, rape and sodomy. (Dkt. No. 6, at 1.)

Petitioner claims that in 1982, he was told by officials at his initial "doc" hearing that because his determinate sentence of 75 years was "later" than the maximum indeterminate sentences (28 years), he would be required to serve only half of his determinate sentence, i.e. 37 years. (Id., at 8.) Petitioner claims that he was told that at the end of 37 years, he would be paroled without having to appear before a parole board. (Id.)

Petitioner claims that in 2007 he was told that the information given to him previously regarding his parole date was in error. (Id.) In 2007, petitioner was informed that his first life term would begin in 2018, his second life term would begin in 2025, and in 2032 he would be considered for parole. (Id., at 9.)

Petitioner also claims that in 1988 he signed a time credit waiver which entitled him to earn day-for-day good conduct credits. (Id., at 8-9.) Petitioner claims that in 2007, he was informed that conduct credits would not be applied toward his life terms. (Id.)

Petitioner argues that changing the terms of his parole from what he was initially told violated his right to due process. Petitioner appears to argue that good conduct credits should apply toward his life sentences as well as his determinate sentence. As relief, petitioner asks the court to re-set his parole date to 2018, and to add the correct years of conduct credit. (Id., at 10.)

////

III. Discussion

Respondent moves to dismiss the petition on grounds that it raises only violations of state law for which there is no federal habeas corpus relief.

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be used to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62 (1991). In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law because, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68. The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, citing Lewis v. Jeffers, 497 U.S. 764 (1990), and Pulley v. Harris, 465 U.S. 37, 41 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless such error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

The Supreme Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." Id. at 68. The Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," id. at 73, and that "we 'have defined the category of infractions

1 that violate "fundamental fairness" very narrowly.'" Id. at 73. Habeas review does not lie in a
2 claim that the state court erroneously allowed or excluded particular evidence according to state
3 evidentiary rules. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).
4           The Solano County Superior Court rejected the claims raised in the instant
5 petition. (Dkt. No. 19-1, at 2-3.) Citing California Penal Code section 669, the Superior Court
6 stated that petitioner must serve his 75 year determinate sentence before serving his life
7 sentences. (Id.) The Superior Court further found that no part of the time served on the 75 year
8 determinate sentence could be applied to reduce petitioner's minimum eligible parole date for his
9 two life sentences. (Id.) The California Court of Appeal and California Supreme Court denied
10 petitioner's habeas petitions raising these claims without comment or citation. (Dkt. No. 6, at 28,
11 31.)
12           In essence, petitioner is arguing that the state courts misinterpreted state law.
13 However, petitioner identifies no law that would exempt him from having to serve his
14 consecutive indeterminate sentences after his determinate sentence. In support of this claim,
15 petitioner cites the Department Operations Manual ("DOM"), section 73010.6.16. (Dkt. No. 6, at
16 35.) As noted by respondent, this section guides prison staff in scheduling parole consideration
17 hearings. This section does not support petitioner's claim that he is not required to serve his
18 indeterminate life sentences.
19           Petitioner's claim that conduct credits should be applied toward his life terms is
20 not well supported. This claim was also rejected at the Director's Level of petitioner's
21 administrative appeal for the reasons stated herein:

> The reviewer found that staff correctly applied all available credit in calculating his release date . . .
>
> The appellant is serving two life sentences that are consecutive to each other and consecutive to a determinate term. Pursuant to PC 3056, a term of at least seven calendar years for each sentence must be served first. Therefore, day-for-day credits are not applicable towards his life term.

26 (Id., at 30.)

1  Respondent's motion to dismiss should be granted because petitioner's claims are
2  based on alleged violations of state law only.  Petitioner has not demonstrated that any alleged
3  state law error violated fundamental fairness.  Moreover, as observed by respondent, it is
4  presumed that the state court knew and correctly applied state law.  Walton v. Arizona, 497 U.S.
5  639, 652 (1990), overruled on other grounds, Ring v. Arizona, 536 U.S. 584 (2002).
6  In the opposition, petitioner argues that respondent's motion to dismiss fails to
7  address his claim "pertaining to the invalidity of California's indeterminate sentencing law due to
8  the 'Uniform Sentencing Act of 1976 . . .'" (Dkt. No. 22, at 12.)  Petitioner appears to argue that
9  he does not have to appear before the Board of Parole Hearing ("BPH") for a suitability hearing
10  because this agency does not have the authority to conduct parole suitability hearings for prisoner
11  sentenced to life sentences following enactment of the Uniform Determinate Sentencing Act
12  ("DSA") of 1976.  Petitioner argues that the DSA did not create an administrative board to fix
13  parole terms for prisoners sentenced to life terms under this law.
14  The undersigned has reviewed petitioner's authority and finds no support for his
15  claim that the BPH has no authority to conduct suitability hearings for prisoners sentenced to life
16  terms following enactment of the DSA in 1976.  This argument is without merit.  See In re
17  Dannenberg, 34 Cal.4th 1061, 1078-80 (2005)(discussing authority of the BPH under the DSA).
18  In his opposition, petitioner argues that he received ineffective assistance of
19  counsel at sentencing.  (Dkt. No. 22, at 11.)  Petitioner argues that his lawyer erroneously
20  allowed him to be sentenced under an indeterminate sentencing law that had been repealed.  (Id.)
21  This claim was not raised in the amended petition.  In addition, unlike the claims raised in the
22  instant action, this claim concerns the validity of petitioner's conviction so that it should be
23  raised in a separate habeas corpus petition filed in the United States District Court in the district
24  of petitioner's conviction.  See Rule 2, Federal Rules Governing Section 2254 Cases ("A
25  petitioner who seeks relief from judgments of more than one state court must file a separate
26  petition covering the judgment or judgments of each court.")

For the reasons discussed above, respondent's motion to dismiss should be granted.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a writ of mandate (Dkt. No. 17) is denied;

2. Petitioner's motion for leave to amend his opposition (Dkt. No. 24) is granted;

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 19) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack1748.mtd